ROBERT C. PATTY, CHANCERY CLERK, *v.* ROBERT L. SPARKMAN.

1. OFFICERS' FEES. *Chancery clerk. Order of publication and copy to printer.*
Under the act of 1875, establishing the fees of certain officers, a chancery clerk was entitled to charge fifteen cents per hundred words for an " order of publication " as for enrolling or recording a decree — that is, entering it in full on the minutes. And for a copy of such order furnished the printer, the clerk was entitled to ten cents per hundred words.

2. SAME. *On proof of publication. Chancery clerk.*
For administering the oath to prove a publication under an order of court, and for certifying the same, a chancery clerk was entitled, under the Code of 1871, to the fee provided by sect. 821 thereof.

3. SAME. *Chancery clerk. Order appointing guardian ad litem.*
A chancery clerk was entitled, under the act of 1875 in relation to officers' fees, to fifteen cents per hundred words for enrolling or recording an order appointing a guardian *ad litem,* as for enrolling or recording a decree.

4. SAME. *Chancery clerk. Order confirming his action.*
Under the act of 1875 above referred to, a chancery clerk was entitled to fifteen cents per hundred words for entering a decree confirming his action in vacation, as for entering any other decree.

5. SAME. *Chancery clerk. What fees not allowed.*
Prior to the Code of 1880, there was no statute authorizing a chancery clerk to charge any fee for the following items : " Docketing cause ; " " report of mailing notices ; " " certified copy of order of publication attached to report of mailing ; " " filing citation, or sheriff's return thereon ; " " entering motion for appointment of guardian *ad litem ; " " entering motion for a decree *pro confesso ; " " entering motion of clerk for confirmation of his action in ordering publication ; " " entry of motion of clerk for confirmation of sale ; " " entry of motion of clerk for distribution of funds ; " " certified copy of bill of costs."

6. SAME. *Chancery clerk. How to charge for certain work.*
A chancery clerk was entitled, under the laws in force prior to the Code of 1880, to charge for the following items of service the fees here indicated, to wit : " For copies of order of publication " to non-residents, ten cents per hundred words, and not seventy five cents for each copy ; " for a decree *pro confesso,*" fifteen cents per hundred words, and not fifty cents for every such decree ; " for taking depositions," twenty cents per hundred words ; and twenty-five cents for administering an oath and certifying the same, and no more.

APPEAL from the Chancery Court of Noxubee County.
Hon. F. A. CRITZ, Chancellor.

In a cause pending between Robert L. Sparkman and Emily J. McCoy et al., the clerk, R. C. Patty, made a motion for the allowance of his bill of costs, to be paid out of a fund in his hands arising from the sale of land by him, as commissioner, under a decree in said cause. The complainant, Sparkman, filed exceptions to certain items of the cost-bill, and moved the court to disallow them and have them stricken out of the bill. The items excepted to were as follows : " Order publication, .75 ; " " copy to printer, .75 ; " " docketing cause, .15 ; " " report, mailing, 3.00 ; " " 1 cert'f copy order publication attached to report, mailing, .75 ; " " 5 cert'f copies to non-residents, .75 each, making 3.75 ; " " filing citation, or sheriff's return thereon, .05 ; " " aff'd't of proof of publication by printer, .25 ; " " certificate of correctness of printer's aff'd't, .50 ; " " entering motion for app't of g'd'n *ad litem*, .15 ; " " order app'ting g'd'n *ad litem*, .50 ; " " order confirming action of clerk ordering publication, .50 ; " " decree *pro confesso*, .50 ; " " ent. motion for decree, .15 ; " " taking depositions, 2.40 ; " " filing order for setting down cause, .05 ; " " entering motion of clerk for confirmation of his action ordering publication, .15 ; " " aff'd'ts to proof of posting 3, .75 ; " " entering motion for confirmation of sale, .15 ; " " entering motion for distribution of funds, .15 ; " " this certified copy of bill of costs, .50 ; " " for answer of T. T. Patty, as g'd'n *ad litem*, 3.00 ; " " printer's fee, 8.82." Five of the above-named items were objected to as being overcharges, and not as totally incorrect, to wit: " 5 certified copies to non-residents, .75 each, making 3.75 ; " " decree *pro confesso*, .50 ; " " taking depositions, 2.40 ; " " for answer of T. T. Patty as g'd'n *ad litem*, 3.00 ; " " printer's fee, 8.82." It was objected that the " 5 copies to non-residents " contained only thirteen hundred and five words, for which the clerk must charge ten cents per hundred words, making $1.30, which, taken from $3.75, left an overcharge of $2.45. As to the charge of fifty cents for " decree *pro confesso*," it was objected that the decree contained eighty-

eight words, for which the clerk could only charge at the rate of fifteen cents per hundred words, making nine cents, which, taken from the fifty, left forty-one.   As to the item of " taking depositions," the objection was that the clerk charged for more words than the depositions contained, the overcharge being eighty-four cents.   It was objected to the charge for answer of guardian *ad litem* that, as it was a merely formal answer, $1 was a sufficient charge therefor, instead of $3, as taxed in the cost-bill.   To the item of " printer's fee " it was objected that $1 of the charge was for proof of publication, which was an illegal charge.

The court sustained all of the exceptions save the following three items, to wit : " Filing order for setting down cause," " affidavit to proof of posting," and " printer's fee."   From that part of the decree herein sustaining the exceptions the clerk appealed.   No appeal was taken by the complainant from that part of the decree overruling his exceptions, nor was any appeal taken by T. T. Patty, for whose benefit the fee was taxed for answer of guardian *ad litem*.

*R. G. & H. W. Rives*, for the appellant.

The record shows that the work charged for in the bill of costs was actually done.   The questions are, (1) Was the clerk entitled to any fees at all for the items excepted to ; and if so, then (2) has he overcharged, and how much?

We think the statute (Acts 1875, pp. 139–141, 143, 150) justifies the amounts charged in the cost-bill, though, perhaps, some of the work should have been charged under a different name, or in different language.   But we presume that, if the record shows that any particular item of work required by law to be performed was done and charged for by the clerk at the legal rates, such charge will not be disallowed because of a misnomer of the item in the bill of costs.   The law requires all of the copies of papers charged for in the bill, and on page 143 of the act of 1875 it allows compensation for all copies required by law.

*J. E. Madison*, for the appellee.

The giving of fees to officers is strictly statutory. Our fee-bill of 1875 provides that the officers mentioned shall be entitled to " demand, receive, and take " the several fees " thereinafter mentioned, and no more." Acts 1875, p. 137, sect. 1.

" This act constitutes a general revision of the entire legislation on the subject of the fees of the officers therein named, and such officers are not entitled to any fees where the right to the same is not given or distinctly recognized in said act." *Myers* v. *Marshall County*, 55 Miss. 344.

" Suitors are taxed high enough when they are charged with the statutory fees." *Barton, Admrx., et al.* v. *Parker*, 57 Miss. 145.

The Legislature seemed to think that the fees mentioned in the act were too much, in case there were several orders, and it is therefore provided that the clerks shall be required " to combine in one decree as many interlocutory or other orders as can be lawfully and conveniently done, *with a view to prevent the increase of costs.*" Acts 1875, p. 153, sect. 12.

The act further makes it highly penal for any officer to " demand and receive, knowingly, any fees not enumerated in the act," and brands such officer as an extortioner. Acts 1875, p. 154, sect. 14.

From these provisions and opinions I deduce these propositions : —

(1) That statutes giving officers fees are to be strictly construed ; (2) that officers are not entitled to any fee unless the right to the same is expressly given or distinctly recognized ; and (3) that all attempts to increase fees by doing any " unnecessary lawful acts," or by " refinements upon the statutes," are illegal, and no charges therefor ought to be allowed. Applying these principles to the charges contained in the appellant's cost-bill, and it is manifest that the court below acted in accordance with the statute upon this subject in sustaining the appellee's exceptions.

CAMPBELL, J., delivered the opinion of the court.

The chancellor erred in denying to the clerk a fee for "order of publication," and copy of it furnished to the printer. He is not entitled to seventy-five cents for each, but is entitled to fifteen cents for each hundred words in the order as entered, and to ten cents a hundred words for the copy of the order furnished to the printer. An order of publication was required by law to be made in term-time or vacation. It may be regarded as a decree, and for enrolling or recording each decree the clerk is allowed fifteen cents for each hundred words it contains. The enrolling or recording meant is the entering in full on the minutes.

The copy furnished the printer was embraced in the provision for fees for copies.

The clerk is entitled to the fee provided by sect. 821 of the Code of 1871 for administering the oath to prove publication and certifying it. For enrolling or recording the order appointing a guardian *ad litem*, the clerk is entitled to fifteen cents a hundred words; and he is entitled to the same for entering the decree of the court approving the action of the clerk in vacation. In all other respects the decree of the chancellor was correct. He did right to deny everything not allowed by the statutes on the subject. However meritorious the claim for services rendered by an officer, if compensation for them is not provided by statute it must be denied.

Decree reversed and cause remanded.